# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JENNIFER HULIN AND EDWARD
LAMPARSKI, INDIVIDUALLY AND
ON BEHALF OF THEIR MINOR
CHILD, NOAH LAMPARSKI

VERSUS

KYLE SNOW, PATRICIA SNOW,
AND THE STATE OF LOUISIANA,
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES

**January 17, 2023**

---

In Re:    Jennifer Hulin and Edward Lamparski on behalf of their
          minor child, Noah Lamparski, applying for supervisory
          writs, 22nd Judicial District Court, Parish of St.
          Tammany, No. 201912577.

---

**BEFORE:    THERIOT, CHUTZ, LANIER, HESTER, AND GREENE, JJ.**

**WRIT GRANTED.**  We find the trial court erred in its September 22, 2022 judgment precluding the testimony of Dr. Sarah Zate regarding the parental care of defendants, Kyle and Patricia Snow, the ultimate issue of negligence, and the credibility of defendant, Patricia Snow.  We find the plaintiffs, Jennifer Hulin and Edward Lamparski, on behalf of their minor child, Noah Lamparski, have carried their burden of proving the reliability and relevance of the testimony of Dr. Sarah Zate, a board-certified pediatrician who has extensive knowledge of parental care and neglect, particularly in foster care settings, by a preponderance of the evidence.  **Vedros v. Northrop Grumman Shipbuilding, Inc.**, 119 F.Supp.3d 556, 561 (E.D. La. 2015).  We find that given her qualifications, Dr. Zate can testify as to the parental care offered by defendants, Kyle and Patricia Snow.  **State in Interest of D.R.B.**, 52,843 (La. App. 2nd Cir. 6/26/19), 278 So.3d 407, 410, 413 (considering the expert testimony of a board-certified pediatrician regarding the extent and non-accidental nature of the life-threatening injuries suffered by an infant at the hands of its parents).  We further find that Dr. Zate can testify as to the ultimate issue of negligence.  **Fromenthal v. Delta Wells Surveyors, Inc.**, 1998-1525 (La. App. 4th Cir. 10/4/00), 776 So.2d 1, 6-7, writ denied, 2001-0177 (La. 3/16/01), 787 So.2d 317, (admitting expert testimony that embraced the ultimate issue of whether the defendant was liable for its failure to comply with safety standards).  Finally, we find the trial court erred in its determination that Dr. Zate would be offering testimony regarding the credibility of defendant, Patricia Snow.  A review of the evidence indicates that Dr. Zate considered defendant, Patricia Snow's, multiple stories about how Noah Lamparski received his injuries as a factor in assessing her negligence, not as an element of demonstrating that defendant, Patricia Snow, was not credible.  Dr. Zate indicated in her deposition that a credibility determination is outside the scope of her expertise.  **Goodman v. Harris County**, 571 F.3d 388, 399-400 (5th Cir. 2009) (finding no error in the trial court's ruling admitting expert testimony where the expert observed inconsistencies in the defendant's account of events).  For

these reasons, we grant this writ application and reverse the portion of the trial court's September 22, 2022 judgment granting in part the motion to exclude and/or limit expert testimony filed by defendants, Kyle and Patricia Snow, and deny this motion.

**MRT**
**WIL**
**CHH**

**Chutz and Greene, JJ.,** dissent. We find the trial court committed legal error by failing to comply with La. Code Civ. P. art. 1425(F), which requires the trial court to provide findings of fact, conclusions of law, and reasons for judgment detailing in law and fact why a person shall be allowed or disallowed to testify under La. Code Evid. arts 702 through 705. Neither the trial court's sparse oral reasons for judgment nor the judgment itself, which granted in part the motion to exclude and/or limit the expert testimony of Dr. Sarah Zate, conformed to the requirements of La. Code Civ. P. art. 1425. See **Camsoft Data Systems, Inc. v. Southern Electronics Supply, Inc.,** 2019-0741 (La. App. 1st Cir. 7/2/19), 2019 WL 2865255, *2. We therefore would vacate the trial court's September 22, 2022 judgment granting the motion to exclude and/or limit the expert testimony of Dr. Zate and remand the matter to the trial court with instructions to comply with La. Code Civ. P. art. 1425.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT